IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| DIRECT AUTO INSURANCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-cv-0206 |
| | ) | |
| MARIO CARTER and | ) | District Judge Aleta A. Trauger |
| ASHTON FRANKS | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Pending are Plaintiff's Motions for Entry of Default as to Mario Carter, (Doc. No. 16), and Ashton Franks), (Doc. No. 17). Also pending are Motions for Default Judgment against Carter and Franks, (Doc. Nos. 18 and 19). For the following reasons Plaintiff's Motions for Entry of Default (Doc. Nos. 16 and 17) are **GRANTED**, however, Plaintiff's Motions for Default Judgment, (Doc. Nos. 18 and 19), are **DENIED** without prejudice.

On March 17, 2025, Plaintiff returned Proof of Service declarations and Affidavits of Service executed by process server, James C. Belli, confirming that he personally served Ashton Franks and Mario Carter with the summons and complaint on March 7, 2025. (Doc. Nos. 9 and 10). Plaintiff filed the pending Motions for Entry of Default on May 19, 2025. (Doc. Nos. 16 and 17).

Pursuant to Local Rule 55.01(a), motions for entry of default must be accompanied by an unsworn declaration under penalty of perjury verifying (1) proof of service, (2) the opposing party's failure to plead or otherwise defend, (3) if the opposing party is an individual, that the opposing party is not a minor or incompetent person, and (4) that the opposing party is not in

military service, with evidence from the Defense Manpower Data center or other reliable source. L.R. 55.01(a). In support of its Motions, Plaintiff submits the Unsworn Declarations of Angela C. Kopet, addressing these four requirements. (Doc. Nos. 16-1 and 17-1). Specifically, Kopet verifies service of process, defendants' failure to plead or otherwise defends, and that neither are minors or incompetent. Ms. Kopet also verifies that Franks is not an active service member. With regard to Carter, however, the status report provided from the Defense Manpower Data Center confirms that Mario Carter is "Navy Active Duty." (Doc. No. 16-1).

Although Mario Carter is currently in the military, as the undersigned Clerk has previously found,[1] the Servicemembers Civil Relief Act ("SCRA") "protect[s] military personnel not from defaults, but from default judgment." *Interinsurance Exchange v. Collins*, 37 Cal. Rptr. 2d 126, 127 (Cal. Ct. App. 1994). This Court requires submission of a declaration confirming the military status of the defaulting party at the entry of default stage. L.R. 55.01(a). However, the SCRA's affidavit requirement and subsequent protections only apply when a plaintiff seeks default judgment pursuant to Federal Rule of Civil Procedure 55(b), not entry of default by the Clerk pursuant to Rule 55(a). *Palaciosreal v. Indem. Co. of California, Inc.*, No. CV1300993RGKDTBX, 2013 WL 12139138, at *4 (C.D. Cal. Oct. 21, 2013). *Broad. Music, Inc. v. Marler*, No. 1:09-CV-193, 2009 WL 3785878, at *4 (E.D. Tenn. Nov. 12, 2009) ("The SCRA affidavit is a prerequisite to the entry of a default judgment.").

Plaintiff has complied with the technical requirements of Local Rule 55.01(a). Carter and Franks have "failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Accordingly, "the clerk

---

[1] *Prudential Ins. Co. of Am. v. Forrest*, No. 3:20-CV-00135, 2021 WL 10256467, at *2 (M.D. Tenn. Mar. 24, 2021) (Lynda M. Hill, Clerk of Court).

must enter the party's default." *Id.* Plaintiff's Motions for Entry of Default as to Mario Carter and Ashton Franks, (Doc. Nos. 16 and 17), are **GRANTED**.

Plaintiff's Motions for Default Judgment, however, are premature. Local Rule 55.01, clearly states that securing a default judgment is a two-step process and only <u>after</u> the Clerk enters default, may a party file a motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(1) or 55(b)(2).[2] LR 55.01. *See also White v. Parker*, No. 1:11-CV-294-TRM-CHS, 2018 WL 1279545, at *3 (E.D. Tenn. Feb. 20, 2018). *See Disney Enters., Inc. v Kathy Farmer*, 427 F. Supp.2d 807, 814-15 (E.D. Tenn. 2006) (obtaining a default judgment is a two-step process; once the Clerk has entered a default, the moving party may then seek entry of a default judgment). As a result, Plaintiff's Motions for Default Judgment, (Doc. Nos. 18 and 19), are **DENIED** without prejudice.

/s/ Lynda M. Hill
Lynda M. Hill
Clerk of Court

---

[2] Plaintiff's Motions for Default Judgment incorrectly states that the Court entered default as to Carter and Franks on May 19, 2025. (Doc. No. 18 at PageID # 123 and Doc. No. 19 at PageID #126). Plaintiff's citations to the docket are to its own motions for entry of default at Doc. Nos. 16 and 17.