IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| **DIRECT AUTO INSURANCE** ) | |
| ) | |
| v. ) | Case No. 3:25-cv-00206 |
| ) | Judge Trauger/Frensley |
| **MARIO CARTER and** ) | |
| **ASHTON FRANKS** | |

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motions for Default Judgment as to Ashton Franks pursuant to Federal Rule of Civil Procedure 55(b)(2). Docket No. 22. For the reasons stated herein, the undersigned recommends that the Motion for Default Judgment as to Ashton Franks be GRANTED.

## I. PROCEDURAL HISTORY

The Complaint in this action was filed on February 24, 2025 naming Mario Carter (hereinafter "Carter") and Ashton Franks (hereinafter "Franks" or "Defendant") (together, "Defendants") as Defendants. Docket No. 1. Defendants reside together in Tennessee.

On June 27, 2025, the Clerk of Court granted Plaintiff's Motions for Entry of Default against Defendants. Docket No. 20. On June 30, 2025, Plaintiff filed the instant Motions for Default Judgment as to Defendants pursuant to Fed. R. Civ. P. 55(b)(2). Docket Nos. 21 and 22. Plaintiff specifically seeks: 1) "a declaration that Plaintiff is not obligated . . . to provide coverage, indemnity or a defense to Defendant[s] in the case of *Marcel F. Sandoval v. Ashton D. Franks and Mario M. Carter*," 2) a declaration that Plaintiff is not obligated to provide the same "for any other claims arising out of any events occurring as a result of the accident that occurred on July 3, 2024," and 3) "any and all other relief to which they are entitled under these premises." Docket Nos. 18

and 19. Defendants have not since responded. In fact, Defendants have not responded since receiving the initial service of Summons and Complaint on March 7, 2025. Docket Nos. 21-1 and 22-1.

District Judge Trauger continued a case management conference scheduled on July 21, 2025 in light of the pending Motions for Default Judgment. Docket No. 23. Judge Trauger then referred the Motions for Default Judgment to the undersigned for preparation of a Report and Recommendation. Docket No. 24. The matter is now before the undersigned for report and recommendation. This Court is evaluating the Motions for Default Judgment separately due to the applicability of the Servicemembers Civil Relief Act only to Defendant Carter.

## II. STANDARD OF REVIEW

Following a clerk's entry of default under Fed. R. Civ. P. 55(a), a Plaintiff may request default judgment under Rule 55(b). Federal Rules of Civil Procedure 55(a)–(b). In the Sixth Circuit,

> [w]hen considering whether to enter a default judgment, a court should take into account: 1) possible prejudice to the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) possible disputed material facts; 6) whether the default was due to excusable neglect; and 7) the preference for decisions on the merits. *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002).

In evaluating these factors, a court bases its decision on the facts alleged in the Complaint, because "[o]nce a default is entered against a defendant, that party is deemed to have admitted all the well pleaded allegations in the complaint except those relating to damages." *Microsoft Corp. v. McGee*, 490 F. Supp. 2d 874, 878 (S. D. Ohio 2007) (citations omitted).

## III. ANALYSIS

The Clerk of Court entered default against Franks on June 27, 2025. Docket No. 20. Under Fed. R. Civ. P. 55(a), Plaintiff filed a Motion for Default Judgment on June 30, 2025. Docket No.

22. The undersigned now weighs the Sixth Circuit factors for this Motion for Default Judgment. Considering such factors, the undersigned recommends the Motion for Default Judgment against Franks be GRANTED.

### A. THE UNDERLYING FACTS

In its Complaint, Plaintiff generally states Carter took out an automobile insurance policy. Docket No. 1. The success of Plaintiff's suit would turn on the applicability of Carter's insurance policy to Franks. In Carter's policy, as alleged in the Complaint, the Exclusion of Named Driver Endorsement (Exhibit A-4) includes language stating:

> None of the insurance coverages afforded by this Policy shall apply to any loss, accident, or damage that occurs while any vehicle is being driven, operated, or used in any manner by an excluded driver.
> …
> "Excluded driver" means any person shown as an excluded driver on the Declarations Page. Docket No. 1.

Later in the policy, on a page entitled Exclusion of Named Driver also effective May 7, 2020, there is a statement signed by Carter which reads: "I hereby request that none of the coverages afforded under this policy shall apply to any claim arising from an accident which occurs while any vehicle is being driven or operated, either with or without permission of the owner, by the excluded driver(s) shown below." Docket No. 1. Shown below is Frank's name, date of birth, and license number. Docket No. 1.

On July 3, 2024, Franks was involved in a car accident while driving the insured vehicle, from which arose the suit *Marcel F. Sandoval v. Ashton D. Franks and Mario M. Carter.* Docket No. 1. Plaintiff filed a Complaint on February 24, 2025 seeking a judicial declaration that Plaintiff will not be liable for "coverage, indemnity or a defense" in such case or any related claims because Franks was an excluded driver from the relevant policy. Docket No. 1. Franks has not responded to this Complaint or participated otherwise in this case. Docket No. 22-1.

## B. THE UNDERLYING FACTS SUPPORT DEFAULT JUDGMENT

The Court now analyzes the seven factors presented by the Sixth Circuit based on the underlying facts of this case. First, the risk of prejudice to the Plaintiff without granting default judgment is that they are brought into the underlying case, which would require time and legal fees sufficient to demonstrate that their policy does not cover Franks. Covering both factors two and three, the merits of Plaintiff's claims are strong, and the Complaint is sufficient to demonstrate Plaintiff's claim. Because the underlying facts are now taken as true, this Court need only engage in a straightforward textual reading of the policy to determine that Franks is an excluded driver and not covered by Carter's policy effective May 7, 2020. *Microsoft Corp. v. McGee*, 490 F. Supp. 2d 874, 878 (S. D. Ohio 2007); Docket No. 1.

While the amount of money at stake in the underlying case of *Marcel F. Sandoval v. Ashton D. Franks and Mario M. Carter* is not yet known, no evidence has been presented to suggest Frank's default was due to "excusable neglect." Defendant Carter may be entitled to some additional protections under the Servicemember Civil Relief Act, but Franks has declared to be a competent adult not in military service. 50 U.S.C.A. § 3902; Docket No. 17-1. Finally, while it is preferable to decide a case on the merits, in light of Franks' lack of participation, balancing the seven factors favors granting Plaintiff's Motion for Default Judgment.

After weighing the factors above, the undersigned finds sufficient reason to decide this case on procedural grounds and recommends Plaintiff's Motion for Default Judgment as to Franks should be GRANTED.

## IV. RECOMMENDATION

Fed. R. Civ. Pro. 55(b) entitles a party to apply for and the Court to grant default judgment. Considering seven factors outlined by the Sixth Circuit for evaluating the appropriateness of

4

default judgment, the undersigned recommends Plaintiff's Motion for Default Judgment as to Ashton Franks (Docket No. 22) be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

 _____
 **JEFFERY S. FRENSLEY**
 **U. S. Magistrate Judge**