# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

DIRECT AUTO INSURANCE, )
)
    Plaintiff, )
)
v. ) Case No. 3:25-cv-00206
) Judge Aleta A. Trauger
MARIO CARTER and )
ASHTON FRANKS, )
)
    Defendant. )

## MEMORANDUM AND ORDER

Pending before the court is plaintiff's Motion for Default Judgment against Mario Carter (Doc. No. 21). After finding that defendant Carter was entitled to protection under the Servicemembers Civil Relief Act ("SCRA"), the Magistrate Judge ordered the appointment of counsel from the civil appointments panel to satisfy the requirements of 50 U. S. C. § 3931 (Doc. No. 26). On February 13, 2026, the plaintiff filed a notice indicating it had verified that Carter is not an active military servicemember and not entitled to any protections under the SCRA (Doc. No. 30). On March 4, 2026, counsel for defendant Carter filed a response that Carter "is not an active duty servicemember and has never been a servicemember" and agreeing there is no basis for the protection of the SCRA to apply to Carter (Doc. No. 31). For the reasons set forth herein, the plaintiff's motion will be **GRANTED.**

## I. MOTION FOR DEFAULT JUDGMENT

### A. Legal Standards

Following a clerk's entry of default under Fed. R. Civ. P. 55(a), a plaintiff may request default judgment under Rule 55(b). Federal Rules of Civil Procedure 55(a)–(b). In the Sixth Circuit,

> [w]hen considering whether to enter a default judgment, a court should take into account: 1) possible prejudice to the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) possible disputed material facts; 6) whether the default was due to excusable neglect; and 7) the preference for decisions on the merits. *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002).

In evaluating these factors, a court bases its decision on the facts alleged in the complaint, because "[o]nce a default is entered against a defendant, that party is deemed to have admitted all the well pleaded allegations in the complaint except those relating to damages." *Microsoft Corp. v. McGee*, 490 F. Supp. 2d 874, 878 (S. D. Ohio 2007) (citations omitted).

### B. Discussion.

In its Complaint, the plaintiff states that Carter took out an automobile insurance policy (Doc. No. 1). The success of plaintiff's suit turns on whether Carter's insurance policy provides coverage to Ashton Franks. Carter's policy contains an "Exclusion of Named Driver Endorsement" stating:

> None of the insurance coverages afforded by this Policy shall apply to any loss, accident, or damage that occurs while any vehicle is being driven, operated, or used in any manner by an excluded driver.
> …
> "Excluded driver" means any person shown as an excluded driver on the Declarations Page.

(Doc. No. 1-4). The Declarations page lists Ashton D. Franks as an "Excluded Driver" (Doc. No. 1-3).

On July 3, 2024, Franks hit a pedestrian while driving the insured vehicle, from which arose the suit *Marcel F. Sandoval v. Ashton D. Franks and Mario M. Carter*[1] (Doc. No. 1 at 3). Plaintiff filed its Complaint on February 24, 2025, seeking a judicial declaration that plaintiff will not be liable for "coverage, indemnity or a defense" in such case or any related claims because Franks was an excluded driver from the relevant policy (Doc. No. 1 at 6). Carter has not responded to this Complaint or otherwise participated in this case (Doc. No. 21).

The court analyzes the factors adopted by the Sixth Circuit based on the underlying facts of this case. First, the risk of prejudice to the plaintiff without granting default judgment is that it

---

[1] This suit was filed in this court under Case No. 3:24-cv-1333.

might be brought into the underlying case, which would require time and legal fees sufficient to demonstrate that the policy does not cover Franks. As to factors two and three, the merits of plaintiff's claims are strong, and the Complaint is sufficient to demonstrate plaintiff's claims. Because the underlying facts are now taken as true, this court need only engage in a straightforward textual reading of the policy to determine that Franks is an excluded driver and not covered by Carter's policy effective May 7, 2020. *Microsoft Corp. v. McGee*, 490 F. Supp. 2d 874, 878 (S. D. Ohio 2007).

The amount of money at stake in the underlying case of *Marcel F. Sandoval v. Ashton D. Franks and Mario M. Carter* is unknown, as that case has settled for an undisclosed sum. No evidence has been presented to suggest Carter's default was due to "excusable neglect." Finally, while it is preferable to decide a case on the merits, that is difficult to do when there has been no response to the Complaint, and the plaintiff's position seems plainly to have merit. The balancing of the relevant factors favors granting the plaintiff's Motion for Default Judgment.

## II.      CONCLUSION AND ORDER

For the reasons expressed herein, it is hereby ORDERED that the Motion for Default Judgment as to Mario Carter (Doc. No. 21) is **GRANTED,** and the court hereby declares that the plaintiff will not be liable for coverage, indemnity, or a defense with regard to any claims made against Mario Carter in connection with the incident that occurred on July 3, 2024.

The clerk shall enter judgment in favor of the plaintiff as to the claims against defendant Mario Carter in accordance with Rule 58, Federal Rules of Civil Procedure.

It is so ORDERED.

 

 

ALETA A. TRAUGER
U. S. DISTRICT JUDGE